IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01330–DDD–KMT

LORRAINE G. MELGOSA,

    Plaintiff,

v.

MANZANOLA 3J SCHOOL DISTRICT,
MAZANOLA 3J BOARD OF EDUCATION,
THOMAS REYES, in his official capacity as board president and in his individual capacity,
LARRY PADILLA, in his in his capacity as board director and in his individual capacity,
WILLIAM HODGES, in his capacity as board secretary and in his individual capacity,
FELIPE PADILLA, in his capacity as board vice president and in his individual capacity, and,
THOMAS MYLES WILKE, in his capacity as superintendent and de facto board member and in his individual capacity,
ELLEN MURPHREY, in her individual capacity,
TIFFANY L. SALAZAR, in her individual capacity,
EDWARD SALAZAR, in his individual capacity,
PATTY YOUNG, in her individual capacity,

    Defendants.

**ORDER**

Before the court is a "Motion to Stay Discovery" filed by Defendants Manzanola 3J School District [the "School District"], Manzanola 3J Board of Education [the "Board"], Thomas Reyes, Larry Padilla, William Hodges, Felipe Padilla, and Thomas Myles Wilke [collectively, the "School District Defendants"]. (["Motion"], Doc. No. 41.) In their Motion, the School District Defendants asks that discovery be stayed, pending resolution of their Motion to Dismiss

the Second Amended Complaint. (*Id.* at 1-2; *see* Doc. No. 40.) Plaintiff has not responded to the School District Defendants' motion to stay discovery.[1]

*Pro se* Plaintiff Lorraine Melgosa is a former Board member. (["Complaint"], Doc. No. 36 at 2; Mot. 2.) In her Second Amended Complaint, Plaintiff alleges that she was unlawfully "stripped of her elected position" on the Board, on the purported basis that she was no longer a resident of the School District, "after a long smear campaign promulgated by [] Defendants." (Compl. 2, 4.) Plaintiff claims that she was, in fact, removed from the Board "in retaliation for questioning payments and contracts to Defendant Wilke, his misuse of district funds and lies to cover it up[,] and other inappropriate actions of Defendant Wilke and the Board." (*Id.* at 2.)

On November 26, 2018, Plaintiff commenced this lawsuit, in Colorado state court, asserting violations of her constitutional rights by the School District and the Board, as well as various individuals affiliated with those two entities. (Doc. No. 1 at 2.) Defendants thereafter removed the case to federal court, on December 14, 2018.[2] (*Id.* at 6.)

On September 19, 2019, Plaintiff filed a Second Amended Complaint, asserting claims for violations of her Fourteenth Amendment due process rights and for defamation. (Compl. 9.) Plaintiff requests various forms of injunctive relief, as well as monetary damages. (*Id.* at 10.)

The School District Defendants responded to the Second Amended Complaint, on October 7, 2019, by filing a motion to dismiss, and the next day, filed a motion to stay discovery, pending resolution of the motion to dismiss. (Mot. 1-2; *see* Doc. No. 40.) The School District

---

[1] The School District Defendants advise that Plaintiff "does not oppose this motion." (Mot. 2.)

[2] Defendants initially removed the case to federal court on December 14, 2018. (Doc. No. 1 at 2.) However, on January 3, 2019, the case was ordered remanded back to state court. (*Id.* at 4.)

Defendants argue that a discovery stay is warranted in this case, because their motion to dismiss invokes absolute and qualified immunity defenses to both of Plaintiff's claims. (Mot. 2-3.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have

3

been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff has not responded, or otherwise expressed opposition, to the School District Defendants' motion. The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, the School District Defendants argue that they would be unduly burdened by moving forward with discovery, because they have asserted various absolute and qualified immunity defenses to Plaintiff's claims. (Mot. 3.) Specifically, Defendants Reyes, Hodges, Wilke, Larry Padilla, and Felipe Padilla assert both absolute legislative immunity and qualified immunity defenses to Plaintiff's due process claim, and state qualified immunity defenses to Plainitff's defamation claim. (Doc. No. 40 at 2.) The School District and the Board each invoke absolute state immunity from the defamation claim only. (*Id.*)

The Tenth Circuit has made clear that questions of immunity should be resolved at the earliest stages of litigation. *See Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (addressing qualified immunity); *Moore v. Busby*, 92 Fed. App'x 699, 702 (10th Cir. 2004)

4

(affirming trial court's stay of discovery pending resolution of absolute immunity question); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[B]ecause the entitlement is an immunity from suit rather than a mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.") (alterations and citations omitted). In addition, "discovery generally should be avoided" once an immunity defense is raised, unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendants' [] immunity claim." *Martin v. Cnty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration. *See Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay, because the plaintiff did not address how discovery would pertain to the defendant's qualified immunity defense).

Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). It is worth noting, however, that an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, qualified immunity is applicable only to individual capacity claims for monetary damages; it is not a defense against claims for injunctive relief, or against official capacity claims. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) (citing *Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993)). In this case, Plaintiff has requested injunctive relief, in addition to monetary damages. (Compl. 10.) In addition, Plaintiff lodges both individual and official capacity claims against the

5

individual School District Defendants. (*Id.* at 1.) Therefore, given that resolution of the immunity questions raised in the School District Defendants' motion to dismiss would, at most, only partially dispose of this case, the second factor weighs only slightly in favor of a stay. *See Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at *2 (D. Colo. Jan. 16, 2015) (finding the second factor weighed in favor of a stay, because the plaintiff's claims were all subject to a qualified immunity defense); *Harris v. City & Cnty. of Denver*, No. 11-cv-01201, 2011 WL 3793778, at *3 (D. Colo. Aug. 25, 2011) (denying a motion to stay discovery relating to claims for declaratory and injunctive relief).

Looking to the remaining *String Cheese* factors, the third "court convenience" factor weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the School District Defendants' "Motion to Stay Discovery" (Doc. No. 41) is **GRANTED**. Discovery in this matter is **STAYED** pending a ruling on the Motion to Dismiss. Defendant shall file a status report within ten days of a ruling, if any portion of the case remains, to advise whether the Scheduling Conference should be reset.

This 15th day of October, 2019.

BY THE COURT:

/s/ Kathleen M. Tafoya
Kathleen M. Tafoya
United States Magistrate Judge